UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRUPO ANTOLIN NORTH AMERICA, INC.,

    Plaintiff,

v.                                                                                          Case No. 05-71306

JAY BURGESS,                                                               HONORABLE AVERN COHN

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND, DENYING PLAINTIFF'S MOTION TO HOLD DEFENDANT'S MOTION TO DISMISS IN ABEYANCE, DENYING DEFENDANT'S MOTION TO DISMISS, AND CONSOLIDATING THIS CASE WITH CASE NO. 04-71644

### I. Introduction

This is a breach of contract case. Plaintiff Grupo Antolin North America, Inc. (Grupo NA) is suing Defendant Jay Burgess (Burgess) for (1) breach of contract and (2) constructive trust and assignment. The case was filed in the Oakland County, Michigan Circuit Court and removed by Burgess to this court on the grounds that the Court has subject-matter jurisdiction under 28 U.S.C. §§ 1441(b) and 1338.

Before the Court are four motions:

(1)    Plaintiff's Motion to Remand;

(2)    Plaintiff's Motion to Hold Defendant's Motion to Dismiss in Abeyance Pending a Decision on Plaintiff's Motion to Remand;

(3)    Defendant's Motion to Dismiss for Lack of Standing; and

(4)    Defendant's Motion to Consolidate with Case No. 04-71644 (a case previously assigned to the Court involving the same operative facts).

After reviewing the parties' papers and hearing oral argument, the Court DENIES (1) Plaintiff's Motion to Remand, (2) Plaintiff's Motion to Hold Defendant's Motion to Dismiss in Abeyance Pending a Decision on Plaintiff's Motion to Remand, and (3) Defendant's Motion to Dismiss for Lack of Standing.  Defendant's Motion to Consolidate is GRANTED.

## II. Background

### A. Factual Background[1]

Grupo Antolin Irausa, S.A. (Grupo Irausa), is a Spanish corporation with two wholly owned subsidiaries relevant to this case: (1) Grupo Antolin Ingenieria, S.A. (Grupo SA) and (2) Defendant Grupo NA, which is located in Troy, Michigan:



Grupo Irausa provides automotive parts for automotive suppliers worldwide.  In addition to Grupo SA and Grupo NA, Grupo Irausa owns subsidiaries in other locations around the world.

Prior to July 2000, Grupo NA was in the business of marketing products,

---

[1] The factual background is taken from the complaint and from the Court's Memorandum and Order Denying Defendant's Motion to Dismiss, Case No. 04-71644, a case pending before the Court and involving the same operative facts as those presented here.  See Burgess v. Grupo Antolin Ingenieria, S.A., 226 F.R.D. 293 (E.D. Mich. 2005).

including sun visors, to the automotive industry in the United States.  In July 2000, Grupo NA hired Burgess to work as a senior product engineer.  As a condition of his employment, Burgess on July 14, 2000, signed a document titled "Confidentiality and Shop Right Agreement" (the shop right agreement).  The agreement provides, in pertinent part:

> Jay Burgess ("employee"), in consideration, and as a condition, of his employment by Grupo Antolin N.A. Co. (together with its subsidiaries and affiliates, hereinafter referred to as "Grupo Antolin N.A"), agrees,
>
> 1. "Inventions" means discoveries, concepts and ideas, whether patentable or not, related or beneficial to Grupo Antolin N.A.'s business, including, but not limited to, processes, methods, formulas, techniques, equipment, products and improvements thereof and know-how related thereto.
>
> . . .
>
> 2. All inventions made or conceived by Employee, in whole or in part, while employed by Grupo Antolin N.A. (during or after work hours and on and off Grupo Antolin N.A.'s premises) and all other discoveries, concepts and ideas made or conceived by him on Grupo Antolin N.A. premises shall be the property of Grupo Antolin N.A. and shall, immediately upon the making or conceiving thereof, be disclosed by Employee to Grupo Antolin N.A.  Employee shall remain the owner of discoveries, concepts and ideas made or conceived by him wholly outside work hours and off Grupo Antolin N.A.'s premises and which are not related or beneficial to Grupo Antolin N.A.'s business.
>
> . . .
>
> 5. Employee shall execute and deliver all documents and information requested by Grupo Antolin N.A. its ownership of Inventions and Proprietary Data and enable Grupo Antolin N.A. to make such use, disposition and protection thereof as it shall desire, including patent, trademark and copying applications, assignment and other documents.

Compl. Ex. B.

3

During his tenure at Grupo NA, Burgess worked with Grupo NA engineers Donald Mills (Mills) and Benjamin Defontaine (Defontaine) on the design and development of automobile sun visors for sale to automobile manufacturers in the United States.  This work resulted in patentable inventions.  Grupo NA assigned Burgess the task of working with the company's patent attorney to prepare and file patent applications for the sun visors Burgess, Mills, and Defontaine invented.  Grupo NA says that Burgess, Mills, and Defontaine reviewed and orally approved the content of the patent applications that the company's attorney prepared.  Burgess, however, refused to execute the application papers and assignments as required under the shop right agreement he signed.  Accordingly, Grupo NA says, Burgess breached the agreement.  Grupo NA says that the patent applications Burgess reviewed later resulted in four patents:

(1)   U.S. Patent No. 6,692,059 (the '059 Patent);

(2)   U.S. Patent No. 6,698,814 (the '814 Patent);

(3)   U.S. Patent No. 6,698,815 (the '815 Patent); and

(4)   U.S. Patent No. 6,840,561 (the '561 Patent).

Grupo NA says in Count I of the complaint that Burgess's refusal to execute the patent applications constitutes a breach of contract.  Grupo NA says that it has been damaged because it has not received the title assignments to the patents which Burgess promised to convey.  In Count II of the complaint, Grupo NA says that Burgess has become the constructive and/or equitable trustee of the company's interests in the patents by virtue of his failure to execute the patent applications and assignments. Grupo seeks, inter alia, to be declared the owner of the four patents and for the Court to

4

order Burgess to assign his inventor interests in the patents to Grupo NA or its designee.

### B. Procedural Background

Burgess filed suit in this court against Grupo SA on April 30, 2004 (Case No. 04-71644). In his complaint, Burgess claimed that the four patents as issued were assigned to Grupo SA and that he never gave Grupo SA the right to any interest in any invention he made. His complaint asserts five claims against Grupo SA: (1) unjust enrichment, (2) misappropriation of trade secrets, (3) fraud, (4) unfair competition, and (5) equitable assignment.

On October 28, 2004, Grupo SA filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (7) on the grounds that Grupo NA is an indispensable party. The evidence in the record, particularly the Fed. R. Civ. P. 30(b)(6) deposition testimony by Jesus Tome (Tome), Grupo NA's vice president of engineering, established that any patents that arose out of work performed at Grupo NA were assigned to Grupo SA by virtue of a corporate policy. Based on this and other evidence, the Court denied Grupo SA's motion to dismiss. See Burgess, 226 F.R.D. at 298.

Grupo NA filed its state-court complaint against Burgess on January 31, 2005. Burgess filed a notice of removal on April 4, 2005. Upon removal, the case was assigned to another judge in this district. The Court accepted reassignment of this case under E.D. Mich. LR 83.11 because it appeared to be a companion to Burgess v. Grupo Antolin Ingenieria, S.A., Case No. 04-71644.

### III. Discussion

The record in this case and Case No. 04-71644 reveals much procedural fencing on the part of Grupo NA.  Tome's Rule 30(b)(6) testimony shows that Grupo NA and Grupo SA have a corporate policy under which any patent that arises out of work performed at Grupo NA is automatically assigned to Grupo SA.  Burgess worked for Grupo NA.  By virtue of this corporate policy, therefore, patents that result from his work at Grupo NA were to be assigned to Grupo SA.  Grupo NA is attempting to engage in a stratagem to defeat jurisdiction in this court and attack Burgess in another court.  Despite Grupo NA's strategy to bring suit in its name, for all practical purposes it is Grupo SA's attempt to enforce the contract because a corporate policy at Grupo NA dictates that patents arising out of work like Burgess performed here are automatically assigned to Grupo NA's sister corporation, Grupo SA.  Accordingly, this case is CONSOLIDATED with Case No. 04-71644 and the remaining motions are DENIED.

SO ORDERED.

Dated:  July 25, 2005

    s/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, July 25, 2005, by electronic and/or ordinary mail.

    s/Julie Owens
    Case Manager, (313) 234-5160